# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>**SCOTT R. VERRILL,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 07-20072** |
| **JOHN AND CATHY COSTA,**<br><br>Plaintiffs,<br><br>v.<br><br>**SCOTT R. VERRILL,**<br><br>Defendant. | **Adv. Proc. No. 07-2047** |

## ORDER GRANTING JOINT MOTION TO APPROVE COMPROMISE

Upon consideration of the Joint Motion (the "Joint Motion") to Approve Compromise filed by Scott R. Verrill (the "Defendant") and John and Cathy Costa (the "Plaintiffs") (the Defendant and Plaintiffs hereinafter collectively referred to as the "Parties"), the Parties having served the Joint Motion upon William Howison, the Chapter 7 Trustee, the United States Trustee's Office, and upon all parties who have requested service of pleadings in this case, and upon consideration of any objections to the Joint Motion, if any, no hearing thereon being necessary, and good cause having been shown, it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

1. Service of the Joint Motion as set forth above was sufficient notice to all parties-in-interest under the circumstances of this case.

2. The Joint Motion be and hereby is **GRANTED**.

3. Pursuant to Section 523 of the Bankruptcy Code, indebtedness owed by Defendant to Plaintiffs in the amount of $79,192.99 is excepted from discharge, which amount shall increase in accordance with the terms of the Writ of Execution entered by the District Court

for Cumberland County on October 31, 2006, a copy of which is attached hereto as **Exhibit A** (the "Obligations").

    4.    The Obligations shall be satisfied as follows:

        (a)    Defendant shall make a down payment in an amount equal to the value of that certain 1991 Mercedes (the "Mercedes") and that certain snowmobile and trailer identified in the Turnover Order entered by Portland District Court on July 5, 2006 (the "Property") with the value of the Property being equal to the greater of: (i) the Property's Blue Book value on the date of the transfer; (ii) the estimated value of the Property as provided by a repair or sales person that customarily deals with property of a similar type (with such person determining value prior to any repairs or maintenance that may have been performed on the Property at the request of Plaintiffs); or (iii) the amount obtained through a sale of the Property by Plaintiffs but in no event shall the value of the Mercedes alone be deemed to exceed $8,500.00. The down payment shall be made through a transfer of the Property by the parties currently holding title to the Property to Plaintiffs.

        (b)    Defendant shall make payment to Plaintiffs in the amount of $1,000.00 per month with the payments being made on the first day of each month until such time as the Obligations have been satisfied with the first such payment to be made on first day of the month following entry of this Order (the "Monthly Payments"). The Monthly Payments shall be made directly to Plaintiffs at 6 Evergreen Drive, Falmouth, Maine 04105.

        (c)    The Obligations shall be deemed fully satisfied in the event Defendant makes a payment to Plaintiffs in an amount equal to $50,000.00, provided such payment is received by Plaintiffs within six (6) months of the date of the entry of this Order or the Defendant makes a payment to Plaintiffs in an amount equal to $60,000.00, provided such payment is received by Plaintiffs within one (1) year of the date of entry of this Order (the "Balloon Payment"). The amount of the Balloon Payment shall be reduced by the amount of any and all Monthly Payments made by Defendant to Plaintiffs, however, the Balloon Payment shall not be reduced by the value of the Property transferred pursuant to Paragraph 4(a) above.

    5.    Defendant shall subordinate any and all exemption rights of Defendant, whether created by State law or otherwise, to Plaintiffs' judicial lien on the property located at 60 Range Road, Cumberland, Maine (the "Range Road Property"), which lien shall be deemed, by operation of this Order, to be superior to any right of Defendant in the same. Plaintiffs shall be permitted to record a copy of this Order in any applicable registry of deeds and any such

recording shall be deemed to effectuate the subordination of Defendant's exemptions rights as provided for herein.  Defendant and/or the Trustee of the Defendant's bankruptcy proceeding hereby waive any right to contest the validity of Plaintiffs' lien on the Range Road Property.  In the event the Range Road Property, and/or any other property in which Plaintiffs hold an interest, is sold, through foreclosure proceedings or otherwise, the proceeds from the sale to be received by Plaintiffs, if any, shall be paid directly to Plaintiffs and shall be immediately applied to the Obligations.

6. In the event Defendant fails to comply with any of the terms of this Order, including, but not limited to, failing to make any of the Monthly Payments when due, Plaintiff shall be free to pursue any and all rights of Plaintiffs against Defendant in any Court of competent jurisdiction and nothing set forth herein shall be deemed to waive any rights and remedies of Plaintiffs against Defendant.

7. Plaintiffs shall have an allowed claim in the Defendant's bankruptcy case equal to the amount of the Obligations as calculated herein.

8. Any and all counts asserted by Plaintiffs pursuant to Section 727 of the Bankruptcy Code are hereby dismissed with prejudice.

DATED: ~~December xxx 2007~~ January 2, 2008

/s/ James B. Haines, Jr.
_____
The Honorable James B. Haines, Jr.
United States Bankruptcy Judge for the
District of Maine

3

STATE OF MAINE



(Seal of the Court)

District Court
Division of So. Cumberland
Location Portland
Docket No. POR-SA-05- 408

John and Cathy Costa     Plaintiff

                                            **WRIT OF EXECUTION**

vs.

Verrill & Chase Builders, Inc.,
                         Judgment Debtor

Scott Verrill            Real Party-In-Interest

To the Sheriffs of our several Counties or any of their Deputies

Whereas said Plaintiff _____John and Cathy Costa_____ on March 16, 2006, recovered judgment in the District Court at _____Portland_____, in the County of __Cumberland__, against Real Party-In-Interest Scott Verrill in this action for $ 71,192.99 in debt or damage and $ 60.00 in costs of suit as appears of record, whereof execution remains to be done.

JUDGMENT AS TO REAL PARTY-IN-INTEREST SCOTT VERRILL

| | |
|---|---|
| $71,192.99 | Principal |
| 0.00 | Interest claimed on complaint |
| 3,455.08 | Pre-Judgment Interest |
| 4627.43 | Post-Judgment Interest |
| 60.00 | Costs |
| 0.00 | Atty Fees |
| $79,335.50 | Total |

We command you that the goods, or lands of said Debtor within your precinct you cause to be paid and satisfied unto the said Creditor at the value thereof in money the aforesaid sum being $79335.50 with legal interest on this execution from the above date of judgment together with $25.00 for this First Writ and thereof also satisfy yourself of your own fees, and make return of this Writ with your doings thereon within three years from the date thereof.

Pre-Judgment interest rate 5.77%
Post-Judgment interest rate 10.36%

Dated: October 31, 2006

_____
(Deputy) Clerk of the District Court

Lee Bals, Esq.,
(Attorney for) Plaintiff

100 Middle Street, East Tower
Address

Portland, ME  04101

A true copy attest:
_____

Returnable   October 30, 2009

DCCV-11 REV. (5/86T) (GL/JT)